# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELEANOR PETARDI,** | Civ. No. 2: 18-15543 |
| Plaintiff, | |
| v. | **OPINION** |
| **MAJESTIC LANES, INC.; MAJESTIC BOWL, LTD; CROWN ASSOCIATES; LOU GAUDIA; JOHN DOES 1-10; ABC CORPS 1-10,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon Plaintiff Eleanor Petardi's motion to remand, filed on November 1, 2018. ECF No. [4] ("Motion"). There was no oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Motion is **DENIED**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

This is a slip-and-fall case. On November 21, 2016, Plaintiff, a resident of Florida, was at a bowling alley located in Hopelawn, New Jersey when she tripped over a bowling bag. ECF No. [1-3] at 1–3, 5–6. The bowling alley is allegedly owned, managed, and maintained by Majestic Lanes, Inc.; Majestic Bowl, Ltd.; and Crown Associates (together, the "Majestic Defendants"), and individual Lou Gaudia. The Majestic Defendants are New Jersey corporations and Defendant Gaudia is a resident of New Jersey. *Id.*

As a result of the fall, Plaintiff was seriously hurt. Plaintiff alleges damages of $2,000,000 based on her injuries which included a fractured femur, fractured radius, ankle injury, and knee stiffness, all of which required four surgeries and steroid injections. *Id.* ¶ 15; *see also* [1-3] at 15. Based on these facts, Plaintiff alleges two counts of negligence, one against the Majestic Defendants and one against Defendant Gaudia. *See generally, id.*

Plaintiff initially filed her two-count complaint in Superior Court in Middlesex County on October 30, 2018. *Id.* On or about the day of filing, Plaintiff provided defendants with a courtesy copy of the complaint. ECF No. [4] at 2. Two days later, Defendant Gaudia removed the action to this Court with the consent of his co-defendants.

1

*See* ECF No. [11], [12], & [19]. The Defendants were subsequently served on November 28 and 29, 2018. On November 30, 2018, Plaintiff filed the instant Motion.

In the Motion, Plaintiff argues that the "forum defendant rule" precludes removal of this action. ECF No. [4] at 3–4 (citing 28 U.S.C. § 144(b)(2)). According to Plaintiff, Defendants may not avoid the rule—which restricts removal from state court by in-state defendants—by removing prior to service. *Id.* at 4–6. The Majestic Defendants and Defendant Gaudia filed separate oppositions. ECF Nos. [11] & [12]. In the oppositions, Defendants argue that the case was properly removed prior to service under *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2018) and the "forum defendant" rule cited by Plaintiff does not apply here. *Id.*

On reply, Plaintiff argues, for the first time, that this case was not properly removed because Plaintiff did not receive "written consent" of removal by Defendant Crown Associates. ECF No. [14]. Defendants were permitted to file a sur-reply and averred that Crown Associates is a now-defunct entity which has certain principals in common with the other Majestic Defendants. ECF No. [19-2]. Defendant further argues that Crown Associates is represented by the same counsel as the Majestic Defendants, was never properly served with the complaint, and in any event, consents to removal. *Id.*

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and to exercise jurisdiction the District Court must have either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331–1332. At issue here is only the latter. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court may exercise diversity jurisdiction when there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1) such diversity "must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants. *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citations omitted). The Court determines diversity by examining the citizenship of the parties at the time the complaint was filed. *Id.* (citation omitted).

A case filed in state court may be removed to federal court if the federal court has subject matter jurisdiction. 28 U.S.C. § 1441. The general removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). However, "[w]here federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151–52 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018). Under that

rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). The Third Circuit has recently observed that this rule has long been considered "procedural rather than jurisdictional, except where the case could not initially have been filed in federal court." *Encompass*, 903 F.3d at 152 (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995).

## III. ANALYSIS[1]

As an initial matter, the Court finds that the requirements of Section 1332 are met. Plaintiff is a citizen of Florida. Defendants are all citizens of New Jersey. Plaintiff has alleged damages of $2,000,000. Based on the record before the Court, there is complete diversity of the parties and alleged damages in excess the $75,000 jurisdictional threshold. *Midlantic*, 48 F.3d at 696. The Court finds it may properly exercise diversity jurisdiction.

The Court now turns to the application of the forum defendant rule. Although Plaintiff forcefully argues that Defendants should not be permitted to avoid the rule as set forth in Section 1441(b)(2) by removing this matter prior to service, the Third Circuit has directly addressed this question in a published opinion and found otherwise. *Encompass*, 903 F.3d at 153. In *Encompass*, the Circuit found removal by the defendant, a citizen of Pennsylvania, from Pennsylvania state court was proper prior to service. *Id.* The Circuit noted that, at the time of removal, the defendant was not "properly joined and served," and thus it "availed itself of the plain meaning of the statute" that only precludes removal by "properly joined and served [] defendants" who are "[] citizen[s] of the State in which such action is brought." *Id.* at 153–54 (quoting 28 U.S.C. § 1441(b)(2)). Examining the sparse legislative history, the Circuit observed that removal was thus permissible in these circumstances based on the unambiguous language found in Section 1441(b)(2) unless the result was "absurd or bizarre." *Id.* at 153. Acknowledging that allowing removal "may be peculiar in that it allows [the defendant] to use pre-service machinations to remove a case that it otherwise could not[, the Third Circuit found that] the outcome [wa]s not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153–54.

The facts here are nearly identical to *Encompass*, and the Court finds that *Encompass* controls the result of Plaintiff's Motion. Plaintiff filed her initial complaint on October 30, 2018 and provided Defendants with a courtesy copy on or about that date. Defendant Gaudia filed his notice of removal on November 1, 2018, and no defendant was "properly joined and served" until November 28, 2018. Accordingly, under *Encompass*, the forum defendant rule does not apply and this action was properly removed. While Plaintiff argues that denial of her motion would sanction "race[s] to file a notice of removal before service," ECF No. [4] at 3, the Third Circuit has considered, and addressed, this concern by specifically approving "a broader right of removal only in the narrow

---

[1] As noted above, Plaintiff on reply challenges removal based on Defendant Crown Associates' lack of consent to removal. The Court need not address this argument because it was improperly first raised on reply. *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996).

circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal." *Encompass*, 902 F.3d at 153 (3d Cir. 2018). The Court thus finds that Plaintiff's motion must be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion, ECF No. [4], is **DENIED**. An appropriate order follows.

                                                */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 7, 2019**